**Helen M. McFarland** OSB# 013176
hmcfarland@seyfarth.com
SEYFARTH SHAW LLP
999 Third Avenue, Ste. 4700
Seattle, WA 98104
Telephone: (206) 946-4923
Facsimile: (206) 299-9974

**Alfred L. Sanderson, Jr.** OSB# 202714
asanderson@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, CA 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant *Foster Farms, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ERIC A. JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>FOSTER FARMS, LLC, a California limited<br>liability company,<br><br>    Defendants. | Case No.  _____<br><br>DEFENDANT FOSTER FARMS, LLC'S<br>NOTICE OF REMOVAL<br><br>[Removed from Clackamas County Circuit<br>Court Case No. 20CV38579] |

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue, Suite 4700
Seattle, WA  98104-4041

TO:  CLERK OF THE COURT

AND TO:  PLAINTIFF AND HIS ATTORNEY OF RECORD

PLEASE TAKE NOTICE that Defendant Foster Farms, LLC ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and removes the above-captioned matter from the Circuit Court of the State of Oregon for the County of Clackamas to the United States District Court, District of Oregon, Portland Division. This Court has jurisdiction over the action pursuant to 28 U.S.C. section 1332(a) (diversity of citizenship jurisdiction), and removal is proper for the following reasons:

## I.    BACKGROUND

1.    On November 2, 2020, Plaintiff Eric A. Johnson ("Plaintiff") filed a Complaint in the Circuit Court of the State of Oregon for the County of Clackamas titled *Eric A. Johnson v. Foster Farms, LLC, a California limited liability company*, Case No. 20CV38579 (the "Complaint").

2.    In the Complaint, Plaintiff asserts the following claims against Defendant: (1) Disability Discrimination (ORS Chapter 659A.112, *et seq.*); (2) Workers' Compensation Discrimination (ORS 659A.040 *et seq.*); (3) OSHA Discrimination (ORS 659.062); (4) OFLA Discrimination (ORS 659A.150 *et seq.*); (5) Personal Leave Discrimination (ORS 653.641); (6) Statutory Whistleblowing (ORS 659A.199); (7) Wrongful Discharge; (8) Disability Discrimination - Failure to Accommodate (ORS 659A.112 *et seq.*).

3.    Plaintiff served Defendant with the Summons and Complaint on November 20, 2020. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

4.    Also on November 20, 2020, Plaintiff served First Request for Production of Documents. A true and correct copy of Plaintiff's First Request for Production of Documents is attached hereto as **Exhibit B**.

5.    **Exhibits A** and **B** constitute all pleadings, processes, and orders properly served

Defendant Foster Farms, LLC's Notice of Removal - 2

on Defendant in this action.

6.      Defendant has not filed an appearance in the Circuit Court for the County of Clackamas.

## II.      TIMELINESS OF REMOVAL

7.      The Notice of Removal is timely because it is being filed within 30 days of Defendant's receipt of the Summons and Complaint (November 20, 2020) and within one year of the commencement of this action. *See* U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summon and complaint under applicable state law).

## III.      JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

8.      As set forth fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a)(1) because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and this action is between "Citizens of different States[.]"

**A.      Plaintiff and Defendant Are Diverse**

9.      The complete diversity requirement merely means that all plaintiffs must be of different citizenship than all defendants, and any instance of common citizenship "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 553 (2005).

10.      A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig*., 549 F.3d 1223, 1236 (9th Cir. 2008) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [when] brought.").

### 1.      Plaintiff is a Citizen of Oregon

11.      For purposes of determining diversity, a person is a "citizen" of the state in

Defendant Foster Farms, LLC's Notice of Removal - 3

which he or she is domiciled. *See Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state."). Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *See Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

12.     Plaintiff alleges that he "is a resident and citizen of the State of Oregon." (*See* Ex. A, Compl., ¶ 1). Accordingly, Plaintiff is, and has been at all times since the institution of this action, a citizen of the State of Oregon.

### 2.     Defendant Is Not A Citizen of Oregon

13.     For diversity purposes, the citizenship of a limited liability company is "like a partnership." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.' *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)). Moreover, unincorporated associations such as limited liability companies and partnerships are also treated as "a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899; *see also Grupo Dataflux v. Atlas Global Grp., LP*, 541 US 567, 569 (2004) (same); *Carden v. Arkoma Assocs.*, 494 US 185, 195, 110 S.Ct. 1015, 1021 (1990) (same).

14.     Defendant is now, and was at the time of the filing of this action, a citizen of a State other than Oregon. At all relevant times, Defendant was a limited liability company, organized under the laws of the State of California with its principal place of business in

Defendant Foster Farms, LLC's Notice of Removal - 4

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Suite 4700
Seattle, WA  98104-4041

California. (Declaration of Jose Fagoaga ("*Fagoaga Decl.*"), ¶ 3.) Specifically, Defendant maintains its corporate headquarters at 1000 Davis Street, Livingston, California 95334. (*Id.*) Defendant's high level officers direct, control, and coordinate its activities from its corporate headquarters in California. (*Id.*) Additionally, Defendant's executive and administrative functions, including payroll and corporate finance and accounting, are directed from the Livingston, California office. (*Id.*) Furthermore, none of Defendant's members is a citizen of the State of Oregon. (*Id.* at ¶ 4.)

15.     Therefore, for purposes of diversity of citizenship, Defendant has been at all relevant times a citizen of the State of California. It is not now, and was not at the time of the filing of the Complaint, a citizen of the State of Oregon, for purposes of 28 U.S.C. section 1332(c)(1).

**B.     The Amount in Controversy Exceeds the Statutory Minimum**

16.     Under 28 U.S.C. section 1332(a), the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." Generally, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). It is well-settled that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Lewis*, 627 F.3d at 399; *see also Beacon Healthcare Services Inc. v. Leavitt*, 629 F.3d 981, 984 (9th Cir. 2010) ("The amount in controversy is judged prospectively: that is, we determine our jurisdiction by asking whether, assuming the petitioner or plaintiff has stated a cause of action, he has pled sufficient damages.").

17.     While Defendant denies that Plaintiff is entitled to any relief, Plaintiff has plead damages in excess of the $75,000 required for diversity jurisdiction.  (Ex. A., Complaint).  In

Defendant Foster Farms, LLC's Notice of Removal - 5

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Suite 4700
Seattle, WA  98104-4041

his prayer for relief, Plaintiff alleged that he "has suffered and will suffer economic damage in an amount to be proven at trial, which amount is alleged to be up to $100,000 [and] has suffered and will suffer emotional distress in a sum to be proven at trial, which sum is alleged to be up to $400,000." (Ex. A, Compl., ¶¶ 8-9). The total damages expressly demanded by Plaintiff in his Complaint ($500,000) are well above the threshold requirement for jurisdiction. See 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."); *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) ("where the complaint was originally filed in state court (with the requisite federal jurisdictional amount pleaded in the request for relief) [] it is highly unlikely in that instance that the plaintiff would have inflated his request for damages solely to obtain federal jurisdiction").

18.    Plaintiff further seeks recovery of attorneys' fees under ORS 20.107 and ORS 659A.885. (Ex. A, Compl. ¶ 11.) Requests for attorney's fees must be considered in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Therefore, the inclusion of a claim for attorneys' fees will further increase the amount in controversy to far exceed $75,000.00.

19.    Based on Plaintiff's own allegations, the amount in controversy under 28 U.S.C. section 1332(a) is met, because it exceeds $75,000.00, exclusive of interest and costs.

## IV.    VENUE

20.    Venue lies in the District of Oregon pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action was originally brought in the Circuit Court of the State of Oregon for the County of Clackamas.

## V.    NOTICE OF REMOVAL

21.    Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice

Defendant Foster Farms, LLC's Notice of Removal - 6

of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of

Removal, will be filed with the Clerk in the State Court Action. This Notice of Removal also

will be served on counsel for Plaintiff, and a copy of the Proof of Service will be filed shortly

after these papers are filed and served.

## VI.    PRAYER FOR REMOVAL

22.    WHEREFORE, Defendant prays that this civil action be removed from the

Circuit Court of the State of Oregon for the County of Clackamas to the United States District

Court, District of Oregon, Portland Division.

DATED: Decemeber 18, 2020.          SEYFARTH SHAW, LLP

*s/ Helen M. McFarland*
Helen M. McFarland, OSB 013176
999 3rd Avenue, Suite 4700
Seattle, WA 98104
T: (206) 946-4923
F: (206) 299-9974
hmcfarland@sefyarth.com

*s/ Alfred L. Sanderson, Jr.*
Alfred L. Sanderson, Jr. OSB 202714
560 mission Street, 31st Floor
San Francisco, CA 94105
T: (415)397-2823
F: (415) 397-8549
asanderson@seyfarth.com

*Attorneys for Foster Farms, LLC*

Defendant Foster Farms, LLC's Notice of Removal - 7