# EXHIBIT A

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| ERIC A. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>FOSTER FARMS, LLC, a California limited liability company,<br><br>Defendant. | Case No.<br><br>COMPLAINT<br>(Disability Discrimination; Workers' Compensation Discrimination, OSHA Reporting Unsafe Work Conditions; FMLA Retaliation; Statutory Whistleblowing; BOLI Retaliation; Wrongful Discharge; Disability-Failure to Accommodate)<br><br>CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Prayer Amount: $500,000<br>Filing Fee State: ORS § 21.160(c) |

Plaintiff alleges:

**FIRST CLAIM FOR RELIEF**

(Disability Discrimination - ORS Chapter 659A.112, *et seq.*)

1.

Plaintiff is a resident and citizen of the State of Oregon.

2.

Defendant Foster Farms, LLC is a California limited liability company doing business in Oregon. At all material times Defendant acted through agents and employees who at all material times acted within the course and scope of their agency and employment for Defendant.

Page   1 -   COMPLAINT

3.

Defendant employed Plaintiff from on or about July 23, 2018 until August 25, 2020 when Defendant terminated Plaintiff's employment.

4.

Prior to his termination, on or about May 3, 2020, Plaintiff had a heart attack, that he and his doctors attributed, in part, due to exposure to peroxide vapors at work initially on about April 28, 2020. Plaintiff's heart attack caused him to be hospitalized for three days and to be off work. Plaintiff returned to work on or about July 10, 2020.

5.

Prior to his termination, on multiple occasions Plaintiff informed Defendant that he believed that his heart attack was caused by the peroxide fumes he was exposed to at work.

6.

Plaintiff's heart attack was a disability that substantially limited him in one or more major life activities and/or in a major bodily function the pulmonary system.

7.

Defendant discriminated against Plaintiff in one or more of the following ways on account of his disability, record of disability and/or perceived disability;

    a.    it failed to engage in the interactive process with Plaintiff to attempt to identify a reasonable accommodation;

    b.    it failed to reasonably accommodate his disability; and/or

    c.    it terminated Plaintiff in substantial part because of his disability, perceived disability, and/or record of disability, and/or because he requested accommodation.

8.

As a result of said acts, Plaintiff has suffered and will suffer economic damage in an amount to be proven at trial, which amount is alleged to be up to $100,000.

Page   2 -   COMPLAINT

9.

As a further result of said acts Plaintiff has suffered and will suffer emotional distress in a sum to be proven at trial, which sum is alleged to be up to $400,000.

10.

Defendant acted with malice and/or demonstrated a reckless and outrageous indifference to a highly unreasonable risk of harm and acted with a conscious indifference to the health, safety and welfare of Plaintiff, and Plaintiff reserves the right to alleged punitive damages pursuant to ORS 31.725 and 31.730.

11.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is also entitled to an award of reasonable attorneys' fees, expert witness fees, costs and disbursements.

**SECOND CLAIM FOR RELIEF**

(Workers' Compensation Discrimination – ORS 659A.040, *et seq*.)

12.

Plaintiff realleges paragraphs 1 through 11.

13.

Prior to Plaintiff's termination, and on or about May 3, 2020, Plaintiff suffered a heart attack and recognized or realized a prior on-the-job injury to his lungs and/or heart due to exposure to peroxide fumes, which he reported to Defendant, and requested the paperwork to file a workers' compensation claim. Defendant denied Plaintiff's request for the paperwork to file a workers' compensation claim.

14.

After being told of Plaintiff's request to make a workers' compensation claim on or about May 6, 2020, Defendant subjected Plaintiff to injured worker discrimination by creating a hostile work environment after he returned to work and/or by terminating him in substantial part because he was an injured worker and/or had invoked the procedures of the

Page    3 -   COMPLAINT

workers' compensation laws.

15.

The hostile work environment, to which Plaintiff was subjected included but was not limited to: being over scrutinized and/or micro-managed; being subjected to disparate discipline regarding start times, breaks and lunches; being talked down to and/or ostracized; and/or being treated in a manner to compel him to quit.

### THIRD CLAIM FOR RELIEF

(OSHA Discrimination – ORS 659.062)

16.

Plaintiff realleges paragraphs 1 through 11.

17.

Prior to Plaintiff's termination, Plaintiff voiced his concerns about what he believed in good faith were unsafe working conditions, including, but not limited to, being exposed to peroxide vapor or fumes, which caused breathing irritation and breathing difficulties and/or was hurtful and/or harmful to his eyes.

18.

On or about July 28, 2020, while following his lead's instructions, Plaintiff took pictures on his phone of the amount of peroxide he was exposed to at work. Plaintiff provided the picture to his manager, while informing the manager of his health and/or safety concerns.

19.

Plaintiff was terminated in substantial part for opposing what he believed in good faith were unsafe working conditions.

///

///

///

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR 97205
Telephone (503) 248-0504

## FOURTH CLAIM FOR RELIEF

(OFLA Discrimination – ORS 659A.150, *et seq.*)

20.

Plaintiff realleges paragraphs 1 through 7, 11, 13, 14 and 15.

21.

At all material times, Defendant was a "covered employer" under the Oregon Family Leave Act ("OFLA").

22.

At all material times, Plaintiff was an "eligible employee" under OFLA.

23.

Prior to Plaintiff's termination from employment, Plaintiff suffered a heart attack and was off work due to that heart attack from May 3, 2020 until July 10, 2020.

24.

Plaintiff requested and took OFLA protected leave from approximately May 3, 2020 through July 10, 2020 in order to recover from his heart attack. Plaintiff also requested August 21 and 22, 2020, off for medical leave for surgery. Defendant denied Plaintiff's request for medical leave in August by terminating his employment via a letter dated August 21, 2020.

25.

After Plaintiff returned from protected leave in July, on or about July 31, 2020, Defendant placed Plaintiff on involuntary unpaid administrative leave, which continued until August 4, 2020.

26.

Defendant subjected Plaintiff to unlawful discrimination and/or retaliation in one or more of the following particulars:

a.  Interfering with Plaintiff taking OFLA leave by not processing Plaintiff's July

Page   5 -   COMPLAINT

medical leave as OFLA protected leave and/or effectively denying Plaintiff's request for medical leave in August;

    b.     Defendant subjected Plaintiff to one or more adverse employment actions, in substantial part, for requesting and/or taking family medical leave, including, but not limited to suspending his employment and/or placing him on involuntary administrative leave; and/or

    c.     Defendant terminated Plaintiff's employment, in substantial part, for requesting and/or taking family medical leave.

27.

As a result of said acts, Plaintiff has suffered and will suffer economic damage in an amount to be proven at trial, including but not limited to damages for loss of employment, lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits and/or loss of fringe benefits, which amount is alleged to be up to $100,000.

**FIFTH CLAIM FOR RELIEF**

(Personal Leave Discrimination – ORS 653.641)

28.

Plaintiff realleges paragraphs 1 through 7, 11, 23, 24 and 27.

29.

Prior to Plaintiff's termination from employment, he requested and took leave that was protected under the Oregon Sick Time Law ("OSTL").

30.

Defendant subjected Plaintiff to unlawful discrimination, in substantial part, because he engaged in the protected activities alleged in paragraphs 23 and 24 herein, including but not limited to:

    a.     suspending his employment and/or placing him on involuntary administrative

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR 97205
Telephone (503) 248-0504

leave; and/or

b.    terminating his employment;

### SIXTH CLAIM FOR RELIEF

(Statutory Whistleblowing – ORS 659A.199)

31.

Plaintiff realleges paragraphs 1 through 25, 29 and 30.

32.

Plaintiff was terminated in substantial part for (a) reporting what he believed in good faith to be evidence of a violation of an OSHA safety law, rule or regulation, as alleged in paragraphs 4, 5, 17 and/or 18; and/or (b) for filing a Bureau of Labor and Industries complaint.

### SEVENTH CLAIM FOR RELIEF

(Wrongful Discharge)

33.

Plaintiff realleges paragraphs 1 through 4, 8, 9, 10, 17, 18, 21, 22, 23, 24, 25, 29, and 32.

34.

Plaintiff was discharged from employment for exercising his important employment related right in one or more of the following particulars:

a.    requesting and/or taking OFLA leave;

b.    requesting and/or taking leave protected by OSTL;

c.    reporting or opposing unsafe work conditions.

### EIGTH CLAIM FOR RELIEF

(Disability Discrimination – Failure to Accommodate – ORS 659A.112, *et seq*.)

35.

Plaintiff realleges paragraphs 1 through 11.

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR 97205
Telephone (503) 248-0504

36.

Prior to being hired Plaintiff was diagnosed with Type II Diabetes, which requires the use of medications. Upon hiring, Plaintiff revealed to Defendant his diabetes and likely need for accommodation.

37.

Diabetes substantially limits the major bodily function of digestion and/or the cardiovascular, nervous and/or urinary system.

38.

Defendant was aware Plaintiff may need more frequent and/or longer bathroom breaks due to his diabetes.

39.

On August 25, 2020, Plaintiff was terminated supposedly for taking too long a bathroom break during the previous week. The bathroom break in question was necessitated by a side effect of a new medicine regime for Plaintiff's diabetes.

40.

Defendant terminated Plaintiff in lieu of accommodating his diabetes.

WHEREFORE, Plaintiff prays for judgment as alleged in the claims stated above, together with any pre-judgment and post-judgment interest accumulated on such sum.

DATED this 2nd day of November, 2020.

BUSSE & HUNT, LLC

 s/ Scott N. Hunt
SCOTT N. HUNT, OSB #923433
shunt@busseandhunt.com
Telephone: (503) 248-0504
Of Attorneys for Plaintiff Eric A. Johnson

TRIAL ATTORNEY:
SCOTT N. HUNT, OSB #923433

Page   8 -   COMPLAINT