# EXHIBIT B

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| ERIC A. JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>FOSTER FARMS, LLC, a California limited liability company,<br><br>  Defendant. | Case No. 20CV38579<br><br>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

**To:  Defendant and Its Attorneys:**

Pursuant to ORCP 36B and ORCP 43, Plaintiff requests that Defendant produce the documents and tangible things described below for inspection and copying:

## DEFINITIONS

A.  These requests do not require the production of any documents which are subject to the attorney-client privilege or other applicable privileges. If it is claimed that a document required for production is privileged or otherwise protected from discovery, provide a privilege log identifying each such document by its author, recipients (including distributees), date, subject matter, the number of the request for production to which the document would be responsive, and state the nature and basis of each claim of privilege.

B.  If you object to any part of a document request, respond to all parts of such document request as to which you do not object, and to each part to which you do object and set forth a basis for each objection.

Page   1 -   PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR 97205
Telephone (503) 248-0504

C.	As used herein, "document(s)" refers to original papers, tapes, disks, or other substances on which communications, data, or information is recorded or stored, whether made by manual, mechanical, photographic or electronic process. This definition includes, but is not limited to, all drafts or superseded revisions of each document(s), and e-mail messages, and backup tapes and deleted records of e-mail messages.

D.	As used herein, "document(s)" includes, but is not limited to: letters, memoranda, notes, witness statements, papers of any kind or character, pamphlets, brochures, books, ledgers, reports, receipts, invoices, bills, checks, purchase orders, contracts, agreements, evidence of indebtedness, schedules, calendars, diaries, minutes of meetings, and computer input or printouts.

E.	As used herein, and unless otherwise specifically stated herein, "Defendant" includes, but is not limited to: **Foster Farms, LLC,** and all parent corporations and successors in interest of Defendant, and any and all present or former officers, directors, agents, employees, and all other persons, firms and corporations, acting or purporting to act on behalf of Defendant.

## TIME AND PLACE

The documents and tangible things requested herein shall be produced within forty-five (45) days of service of this request at Busse & Hunt, LLC, 1025 American Bank Building, 621 SW Morrison Street, Portland, Oregon 97205, or at such other time and place as may be agreed upon by the parties in the interim.

## DOCUMENTS AND TANGIBLE THINGS REQUESTED

**REQUEST NO 1:** Plaintiff's personnel file or files wherever and by whomever maintained.

**REQUEST NO. 2:** Any documents pertaining to Plaintiff's medical condition, chemical exposure, workers' compensation claim, work restrictions, request for accommodation, and/or performance, whether or not contained in a personnel file, including,

Page   2 -   PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

but not limited to, any supervisor note, e-mail, memorandum or file.

**REQUEST NO. 3:** Any documents, notes, memos, reports or witness statements relative to any investigation conducted concerning Plaintiff, Plaintiff's diabetes, Plaintiff's chemical exposure or assertion he had been exposed to chemicals in the workplace, workers' compensation claim, or whether an accommodation to Plaintiff's limitations could be effected and/or Plaintiff's termination or reason(s) for termination.

**REQUEST NO. 4:** Any job description, work rules, or performance standards which applied to Plaintiff during the last year of his employment.

**REQUEST NO. 5:** Any training materials which were supplied to Plaintiff, or to Plaintiff's supervisor as to the training Plaintiff should receive or the counseling or corrective action which should be given in the event of any perceived deficiency in Plaintiff's performance.

**REQUEST NO. 6:** Any personnel rules or regulations that applied to Plaintiff, whether given to Plaintiff directly, or given to Plaintiff's supervisor or manager to apply, including, but not limited to, any rules or regulations regarding granting or requesting an accommodation, or taking restroom breaks.

**REQUEST NO. 7:** Any employee handbook or manual which was given to Plaintiff at any time during his employment, including any revisions thereto.

**REQUEST NO. 8:** Any document concerning Plaintiff's diabetes, work restrictions, request for accommodation, Defendant's attempts to engage in the interactive process, and/or Defendant's attempt, if any, to reasonably accommodate Plaintiff.

**REQUEST NO. 9:** Any documents related to or demonstrating any asserted or perceived poor performance and/or misconduct by Plaintiff.

**REQUEST NO. 10:** Any document that supports any of Defendant's pleaded defenses.

**REQUEST NO. 11:** Any document that references, reflects or is related to

Page   3 -  PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR 97205
Telephone (503) 248-0504

Defendant's awareness that prior to his termination Plaintiff suffered exposure to a chemical or to peroxide fumes, or awareness that Plaintiff asserted he had been exposed to a chemical or peroxide fumes in the workplace.

**REQUEST NO. 12:** The most recent financial statement for Defendant.

**REQUEST NO. 13:** Any and all documents pertaining or referring to Plaintiff's performance, including, but not limited to, any supervisor note, memorandum or file concerning or which measure or compare Plaintiff's performance to that of any co-worker, all documents concerning any praise of or complaint about Plaintiff or Plaintiff's performance, all documents containing a job description for Plaintiff's position(s), and all documents describing the duties of Plaintiff's position(s).

**REQUEST NO. 14:** Any liability insurance policy which may provide any coverage whatsoever to either Defendant for any claim asserted in the operative Complaint, including the policy declarations and binder.

**REQUEST NO. 15:** All documents pertaining in any way to any agreement, promise, request, or demand that Defendant or its insurance carriers pay or be required to pay any sum in contribution to defense costs for either Defendant.

**REQUEST NO. 16:** All documents pertaining in any way to the conditions under which either Defendant is being provided a defense by any entity or individual, including without limitation all documents stating or referring to a "reservation of rights.

**REQUEST NO. 17:** Any and all documents including, but not limited to, correspondence, memoranda, notes, affidavits, declarations, statements, and e-mails that concern, refer, or relate to the subject matter of this lawsuit which either Defendant or either of Defendants' agents have sent or received from any person or persons having information or knowledge relating in any way to the allegations in Plaintiff's complaint or either of Defendant's answer, affirmative defenses, and/or counterclaim(s).

**REQUEST NO. 18:** Any statement, whether handwritten, typed, electronically

Page   4 - PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

recorded, or otherwise recorded concerning any interviews of persons with information or knowledge relating to the allegations in Plaintiff's complaint or either of Defendant's answer, affirmative defenses, and/or counterclaim(s).

**REQUEST NO. 19:** Any and all documents referring or pertaining to Defendant's termination of Plaintiff's employment, including, but not limited to, documents of or related to communications by management and/or human resources regarding the circumstances leading up to Plaintiff's termination, the reason(s) for Plaintiff's termination, and/or the decision to terminate Plaintiff's employment.

**REQUEST NO. 20:** For the period of May 1, 2020 to present, any and all correspondence, including, but not limited to all e-mails, that mention, name, note, or refer to Plaintiff, but which was not sent or received by Plaintiff.

**REQUEST NO. 21:** All documents that Defendant provided to the Oregon Bureau of Labor and Industries in relation to any claim filed by Plaintiff against Defendant.

**REQUEST NO. 22:** All documents related to Plaintiff requesting paperwork to file a workers' compensation claim, and such paperwork itself if it exists.

**REQUEST NO. 23:** All documents related to Defendant's awareness that Plaintiff had suffered, or asserted to have suffered, a heart attack.

**REQUEST NO. 24:** All documents related to or reflecting Plaintiff's report of unsafe working conditions, including, but not limited to, exposure to peroxide vapor or fumes in the workplace and/or breathing difficulties or irritation due to chemical exposure.

**REQUEST NO. 25:** All documents related to or reflecting Plaintiff's report of unsafe working conditions, including, but not limited to exposure to peroxide vapor or fumes in the workplace and/or harm or irritation to his eyes due to chemical exposure.

**REQUEST NO. 26:** All documents related to or reflecting Plaintiff's report of unsafe working conditions, including, but not limited to, Plaintiff taking pictures of the peroxide used at work and any such pictures shared with management.

Page   5 -  PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  **REQUEST NO. 27:**  All documents related to or reflecting Plaintiff's request for medical leave, Plaintiff taking medical leave and/or Plaintiff returning to work after taking medical leave.

**REQUEST NO. 28:**  All documents related to or reflecting Defendant putting Plaintiff on administrative leave in the summer of 2020.

**REQUEST NO. 29:**  All documents related to or reflecting Defendant suspending Plaintiff in the summer of 2020.

**REQUEST NO. 30:**  All documents related to or reflecting Plaintiff requesting or taking sick leave in 2020.

**REQUEST NO. 31:**  All documents related to or reflecting Plaintiff informing Defendant and/or reporting to Defendant any asserted OSHA violation.

**REQUEST NO. 32:**  All documents related to or reflecting Plaintiff informing Defendant and/or reporting to Defendant any asserted violation of state or federal law, rule, or regulation.

**REQUEST NO. 33:**  All documents related to or reflecting Defendant's awareness that Plaintiff had filed one or more complaints against Defendant with the Oregon Bureau of Labor Industries in 2020.

**REQUEST NO. 34:**  All documents related to or reflecting Defendant's awareness that Plaintiff's lengthy bathroom breaks were related to or caused by his medical condition and/or diabetes.

**REQUEST NO. 35:**  All documents related to or reflecting any attempt to accommodate Plaintiff, or consideration of accommodating Plaintiff's medical condition and/or diabetes instead of terminating him in August 2020.

## PROCEDURE

A.  Produce all documents in your possession, custody or control. If you are unable to produce any document requested, state the location of the document and the name

Page   6 - PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    of the person or organization in possession of the document.

2    B.    This request is a continuing request up to and through the trial of this case and shall require production of after-acquired documents, within ten (10) working days of their discovery, by Defendants until thirty (30) days before any date set for trial of this case, and shall require immediate production of after-acquired documents during the thirty (30) day period prior to trial.

DATED this 19th day of November, 2020.

                     BUSSE & HUNT, LLC

                     *s/ Scott N. Hunt*
                     SCOTT N. HUNT, OSB #923433
                     *shunt@busseandhunt.com*
                     Telephone: (503) 248-0504
                     Of Attorneys for Plaintiff Eric A. Johnson

Page 7 - PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR 97205
Telephone (503) 248-0504